**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3809-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TERRANCE L. ATKINS, a/k/a
TERENCE L. ATKINS, and
TERRANCE ARKINS,

      Defendant-Appellant.

_____

> Submitted May 21, 2018 – Decided October 29, 2018
>
> Before Judges Ostrer and Rose.
>
> On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 08-12-0931.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Jay L. Wilensky, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

Defendant appeals from his conviction, after a guilty plea, to an amended charge of third-degree possession of a controlled dangerous substance (CDS) analogue, N.J.S.A. 2C:35-10(a)(1), and fourth-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(12). He contends the trial court erred in denying his motion to suppress the fruits of a search of his vehicle. We affirm.

This case returns to us after a remand. We previously reversed defendant's conviction, after a jury trial, of multiple drug and firearm offenses. State v. Atkins, No. A-0732-13 (App. Div. July 6, 2015) (Atkins I). We held that in two separate custodial interrogations, police did not scrupulously honor, as required by Miranda[1] and its progeny, defendant's ambiguous requests for counsel, when he inquired about obtaining a public defender. Id., slip op. at 22. Therefore, we held at a retrial, the court should suppress defendant's custodial statements. Ibid. We added that the court should also exclude "any evidence obtained based on those statements." Ibid.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3809-16T1

In advance of retrial, defendant moved to suppress the drugs and gun found during a consent search of his vehicle. Invoking our prior opinion, defendant contended his consent was invalid, because defendant provided it after he ambiguously invoked his right to counsel.

The trial court rejected that argument on two grounds. First, the court concluded that defendant's consent was knowing and voluntary; it did not arise from anything he told police during his "defective statement"; and was "independent of the interrogations and uninfluenced by defendant's statements." Second, the court held that police would have inevitably discovered the drugs and gun in defendant's car without defendant's consent. The judge noted that when defendant consented, police ceased the process already underway to obtain a search warrant. The judge opined that the warrant would have been granted, because a suspected CDS was seen in plain view, and defendant was arrested.

Defendant thereafter pleaded guilty to the charges noted above, and was sentenced to time served, conditioned on three years of probation. Defendant had forty-six days of jail credit and 718 days of prior service credit.

On appeal, defendant argues:

> THE TRIAL COURT'S DENIAL OF SUPPRESSION OF PHYSICAL EVIDENCE IS PRECLUDED BY THIS COURT'S PRIOR OPINION CONCERNING SUPPRESSION OF DEFENDANT'S STATEMENTS,

3

AND ACCORDINGLY MUST BE REVERSED.  U.S.
CONST., AMENDS. IV, XIV; N.J. CONST., Art. 1,
Par. 7.

Defendant relies on our statement in Atkins I that the court should exclude not only defendant's incriminating statements, but also "any evidence obtained based on those statements."  He contends that we thereby precluded the trial court from determining that physical evidence obtained in the consent search was admissible.

We disagree.  In excluding evidence "based on" defendant's statements obtained in violation of Miranda, we simply meant to refer to the fruit-of-the-poisonous-tree doctrine.  A court must suppress evidence that is obtained "by exploitation of . . . illegality"; but not evidence obtained "by means sufficiently distinguishable to be purged of the primary taint."  Wong Sun v. United States, 371 U.S. 471, 488 (1963).  We did not bar the trial court from applying the "inevitable discovery" doctrine, which is an exception to the exclusionary rule that bars "fruit of the poisonous tree."  State v. Johnson, 120 N.J. 263, 289-90 (1990); see also Nix v. Williams, 467 U.S. 431, 444 (1984) (explaining that excluding evidence that would inevitably have been discovered, independent of the illegality, does not serve the deterrent purpose of the exclusionary rule).  Nor did we bar the trial court from applying the attenuation doctrine.  "Under that

A-3809-16T1

doctrine, if the causal connection between the illegal conduct and obtaining the evidence has become so attenuated as to dissipate the taint, the evidence is admissible." State v. James, 346 N.J. Super. 441, 453 (App. Div. 2002).

To establish inevitable discovery, the State must prove, by clear and convincing evidence, that evidence obtained through an illegal search would inevitably have been discovered, and therefore should not be suppressed. State v. Sugar, 100 N.J. 214, 240 (1985). The State must show:

> (1) proper, normal and specific investigatory procedures would have been pursued in order to complete the investigation of the case; (2) under all the surrounding relevant circumstances the pursuit of those procedures would have inevitably resulted in the discovery of the evidence; and (3) the discovery of the evidence through the use of such procedures would have occurred wholly independently of the discovery of such evidence by unlawful means.
>
> [Id. at 238.]

See also Wayne R. LaFave, Search and Seizure § 11.4(a) at 278-79 (5th ed. 2018) (stating that application of the inevitable discovery doctrine is most likely justified where "investigative procedures were already in progress prior to the discovery via illegal means . . . or where the circumstances are such that, pursuant to some standardized procedures or established routine a certain evidence-revealing event would definitely have occurred later").

We shall not disturb the court's findings that police were already in the process of seeking a search warrant, and that one would have been granted if police did not withdraw their request for a warrant once defendant consented to the search. The court's findings were amply supported by the evidence. See State v. S.S., 229 N.J. 360, 379-80 (2017) (stating the appellate court's deferential standard of review of a trial court's findings on a motion to suppress).

At a pre-trial hearing, Somerset County Prosecutor's Office Sergeant Joseph Walsh testified that, during a field inquiry, he observed what appeared to be cocaine in the side-pocket of defendant's car door. Defendant had driven up to a corner in an area where gang-related crimes had occurred, to meet an individual who had been waiting nervously for roughly fifteen minutes. Upon spotting the suspected cocaine, the sergeant removed defendant and two other occupants from the car, and they were placed under arrest. In a search incident to defendant's arrest, police seized $257 in cash and two cell phones.[2] The sergeant retrieved the suspected cocaine from the door. After defendant refused a request on the scene for his consent for a further search of the vehicle, the sergeant secured the assistance of a canine unit from the local police station. The canine indicated the presence of drugs at several points on the vehicle. Back

---

[2] These particular facts were elicited at defendant's trial.

at the local police department, Sergeant Walsh conducted a field test which confirmed that what he had seized was cocaine. The sergeant then contacted the on-call assistant prosecutor, outlined the facts, and requested a search warrant for defendant's vehicle. The assistant prosecutor then started to take steps necessary to contact the emergent duty judge. Sergeant Walsh stated that he stopped the search warrant application process only after detectives informed him that defendant had consented to the search.

These facts amply support a conclusion, by clear and convincing evidence, that if law enforcement pursued "proper, normal and specific investigatory procedures" as required in Sugar, a search warrant would have been issued; and the contents of the vehicle – including the gun and additional drugs – would have been discovered, independently of defendant's consent given during his tainted interrogation. An assistant prosecutor was already involved in the effort to secure a search warrant. The totality of circumstances supported a finding of probable cause that defendant was engaged in the distribution of CDS, and that other evidence of a crime would be found in defendant's vehicle. Defendant was found in a high-crime area, meeting a person who nervously awaited his arrival on a street corner. Defendant possessed multiple packets of cocaine, as confirmed in a field test, in the driver's side pocket of the vehicle. Common

among drug dealers, defendant also possessed two cell phones and a substantial amount of cash.

The trial court found, and we have no doubt, that an emergent duty judge would have granted the warrant, which would have led to the discovery of the additional evidence. In sum, we discern no error in the trial court's determination to sustain the search based on inevitable discovery. See State v. Johnson, 120 N.J. 263, 290 (1990) (applying the inevitable discovery doctrine where the detective was already in the process of preparing affidavit in support of search warrant based on information independent of the tainted source); State v. Finesmith, 406 N.J. Super. 510, 522-24 (App. Div. 2009) (applying the inevitable discovery doctrine where, had police not discovered the laptop as a result of defendant's suppressed statement, it would have discovered the laptop pursuant to a warrant that the State had already independently obtained).

Given our conclusions regarding the inevitable discovery doctrine, we need not reach the question of whether defendant's grant of consent was sufficiently attenuated from the tainted interrogation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3809-16T1